UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of the Arbitration Between: | Case No. |
| BARRY LEON, Individually and on behalf of ABL VENTURE CAPITAL GROUP LLC, | |
| Petitioners, | **PETITION TO CONFIRM ARBITRATION AWARD** |
| -and- | |
| IGOR SHMUKLER, | |
| Respondent. | |

**PETITION TO CONFIRM ARBITRATION AWARD**

Petitioners Barry Leon ("Leon"), individually and on behalf of ABL Venture Capital Group LLC ("ABL Venture")(collectively referred to as the "Petitioners"), move for confirmation of an arbitration award against Respondent Igor Shmukler ("Shmukler") and entry of judgment against Shmukler in conformity with that award.

Summary of Petition

1.      This is a petition filed pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-16 (FAA), and 9 U.S.C. §§ 201-208 (New York Convention) to confirm an award issued by a three-person arbitration Panel sitting in New York, New York in an arbitration proceeding between Leon, ABL Venture, and Sholtiel Lebovic (collectively referred to as the "Claimants"), and Shmukler as the Respondent, conducted under the auspices of the American Arbitration Association Commercial Arbitration Tribunal ("AAA").

2. This action involves an arbitration agreement arising out of a legal relationship, which is considered commercial, that falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958, as amended.

### The Parties and Jurisdiction

3. Leon is an individual residing in the Hamlet of West Hempstead, Town of Hempstead, County of Nassau, and State of New York.

4. ABL Venture is a limited liability company formed under and by virtue of the laws of the State of New York on April 16, 1998. ABL VENTURE maintains its principal place of business in Hamlet of West Hempstead, Town of Hempstead, County of Nassau, and State of New York.

5. Shmukler is an individual, who, upon information and belief, at the time of the arbitration, resided at 713 Crown Street, County of Kings, City and State of New York. Subsequent to the arbitration, Shmukler relocated to Russia. His current address within Russia is not known with certainty. Upon information and belief, Shmukler is a citizen of Russia.

6. This Court has jurisdiction pursuant to 9 U.S.C. § 203, granting this Court original jurisdiction regardless of the amount in controversy.

7. Venue is proper pursuant to 9 U.S.C. § 204.

<u>The Parties' Agreement to Arbitrate</u>

8. On or about August 3, 2011, Claimants submitted to AAA a Demand for Arbitration ("Demand"), with the requisite filing fee, under Article XXVII, Clause entitled Arbitration of an Agreement by and between Shmukler, ABL Venture, Shlotiel Lebovic, and OS Research, LLC.

9. The aforesaid Article provided in relevant part that:

> Any controversy, claim or dispute arising out of or relating to this Agreement, or the breach thereof, or the interpretation of any of its provisions, shall be settled by arbitration in **New York State** in accordance with the commercial rules of the American Arbitration Association, before three arbitrators, and judgment upon the award rendered by the arbitration may be entered in any court having jurisdiction thereof.

Emphasis in original.

10. The Demand involved a dispute between the Claimants and Shmukler over (a) Shmukler ceasing operations of OS Research, LLC, which was doing business as "Elusiva"; (b) Shmukler failing and refusing to recognize ABL Venture as the holder of the majority interest in OS Research, LLC; and (c) Shmukler failing and refusing to disclose or return to OS Research, LLC, its proprietary information including, without limitation, the passwords for operation and control of the website and server; the necessary contacts for the software developers contracted for by OS Research, LLC; the telephone numbers and email addresses of Elusiva's business partners and customers, etc. In effect, Shmukler walked away and took Elusiva with him – all in breach of the

parties' Operating Agreement and in breach of his fiduciary duties to the Company and the Claimants.

11. The matter was submitted to arbitration before three-arbitrators, John F. Byrne, Esq., Steven A. Certilman, Esq., and Jack Friedman, Esq. (the "Tribunal").

12. Shmukler failed to attend or refused to attend the hearing of this matter or to otherwise participate in the arbitration proceedings despite due notice of same.

### The Arbitration

13. The Tribunal conducted a hearing in New York, New York.

14. Over the course of one day, the parties were each afforded the opportunity to present testimony, documentary evidence and argument in support of their respective positions. Shmukler failed to attend or refused to attend the hearing.

15. After listening to the testimony and considering the proof entered and arguments made, the Tribunal closed the record. The Tribunal rendered a decision and Award dated December 5, 2011 (the "Award"), in favor of the Claimants. Specifically, the Tribunal awarded:

    (a) It determined ABL Venture to hold 71.59% of the equity interest in, and is the majority member of OS Research, LLC;

    (b) Shmukler was enjoined from conveying any interest in, disposing of, or using, any of OS Research, LLC's proprietary information or assets including, but not limited to, the website and its passwords, software products and applications, customer lists, contracted-for software developers and the like;

(c) Shmukler was directed to return to Claimants, on behalf of OS Research, LLC, any and all proprietary assets and information belonging to OS Research, LLC, including, but not limited to, any and all software products and applications developed by Shmukler on behalf of OS Research, LLC, access to and control of the website and server, customer lists, business contacts and the like;

(d) The administrative fees of the AAA totaling $4,850.00 and the compensation of the Arbitrators totaling $5,357.50 shall be borne by the parties equally. Therefore, Shmukler shall pay to the Claimants the sum of $5,103.75 representing that portion of said fees in excess of the apportioned amount previously advanced by Claimants;

(e) The Award was in full settlement and satisfaction of any and all claims properly submitted to the arbitration; and any claim not expressly granted herein is deemed denied; and

(f) The Award may be executed in any number of counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same document, which is the final Award of the arbitrators.

A true copy of the Award is attached hereto.

16. The Award of the Tribunal is final and binding and Claimants are entitled to have judgment against Shmukler in the amount of $5,357.50.

17. The Claimants are entitled to post-award, prejudgment interest from the date of the Award until judgment confirming it.

18. This petition is brought within 3 years after delivery of the Award to the parties pursuant to 9 U.S.C. § 207.

19. No previous application has been made for the relief requested herein.

WHEREFORE, Petitioners seek an Order be entered herein:

(a) Confirming the Tribunal's Award in all respects against Respondent;

(b) Awarding Petitioners pre-judgment interest from the date of the Award on December 5, 2011, until entry of judgment hereunder;

(c) Awarding Petitioners post-judgment interest from the date of the entry of judgment until payment;

(d) Awarding Petitioners costs and disbursements incurred in connection with this proceeding; and

(e) Awarding Petitioners such other and further relief as this Court may deem just and proper.

Dated: New York, New York
December 5, 2014

                                                         s/ Adam Paskoff
                                                        Adam Paskoff, Esq.

                                                        Paskoff & Tamber, LLP
                                                        225 W. 34th Street, Suite 1303
                                                        New York, New York 10122
                                                        Tel: (212) 643-5454
                                                        skofflaw@gmail.com

                                                        *Attorneys for Petitioners*

AMERICAN ARBITRATION ASSOCIATION
Commercial Arbitration Tribunal

In the Matter of the Arbitration Between:
Case No. 13 117 01981 11
Barry Leon, individually and on behalf of
ABL Venture Capital LLC and Sholtiel Lebovic
-and-
Igor Shmukler

## AWARD

WE, the UNDERSIGNED ARBITRATORS, having been designated in accordance with the arbitration provisions of the parties' "OS Research, LLC Operating Agreement" effective October 7, 2002, as amended; and having been duly sworn; and having heard and duly considered the proofs and allegations of Barry Leon, individually and on behalf of ABL Venture Capital LLC and Sholtiel Lebovic (hereinafter "Claimants"); and Igor Shmukler (hereinafter "Respondent") having failed and refused to attend the hearing of this matter or to otherwise participate in these arbitration proceedings despite due notice of same; do hereby DECIDE and AWARD as follows:

In October 2002, ABL Venture Capital LLC ("ABL Venture") (by its principal, Barry Leon), Sholtiel Lebovic and Igor Shmukler formed and organized OS Research LLC, which, doing business as "Elusiva", developed, marketed and sold (usually *via* its own website) various computer software products and applications. In essence, for the next ten (10) or so years, ABL Venture funded Respondent's moderately successful efforts to, among other things, employ and supervise a team of software developers; create a website through which Elusiva's software products and applications could be marketed and sold; and developed clients, both domestic and foreign, to whom the software products could be sold and maintained by Elusiva.

The credible evidence established that, by April 2011, ABL Venture had funded OS Research in the total amount of $579,532.00, which sum entitled ABL Venture to 71.59% of the membership and equity interest in OS Research pursuant to the Operating Agreement as amended. The credible evidence also established, among other things, that: (a) in May 2011, Respondent abruptly ceased all operations necessary to the normal functioning of Elusiva; (b) has failed and refused to recognize ABL Venture as the holder of the majority interest in OS Research; (b) has failed and refused to disclose or return to OS Research its proprietary information including, without limitation, the passwords for operation and control of the website and server; the necessary contacts for the software developers contracted for by OS Research; the telephone numbers and e-mail addresses of Elusiva's business partners and customers; etc. In effect, Respondent walked away and took Elusiva with him – all in breach of the parties' Operating Agreement and in breach of his fiduciary duties to the Company and the Claimants.

EXHIBIT A

Case No. 13 117 01981 11　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2
Leon *et al.* and Shmukler
AWARD

Accordingly, as and for the AWARD herein:

1. It is hereby DECLARED that ABL Venture holds seventy-one and fifty-nine hundreds percent (71.59%) of the equity interest in, and is the majority member of, OS Research.
2. Respondent is hereby ENJOINED from conveying any interest in, disposing of, or using, any of OS Research's proprietary information or assets including, but not limited to, the website and its passwords, software products and applications, customer lists, contracted-for software developers and the like.
3. Respondent is hereby DIRECTED to return to Claimants, on behalf of OS Research, any and all proprietary assets and information belonging to OS Research, including, but not limited to, any and all software products and applications developed by Respondent on behalf of OS Research, access to and control of the website and server, customer lists, business contacts and the like.
4. The administrative fees of the American Arbitration Association totaling $4,850.00 and the compensation of the Arbitrators totaling $5,357.50 shall be borne by the parties equally. Therefore, Respondent shall pay to Claimants the sum of $5,103.75 representing that portion of said fees in excess of the apportioned amount previously advanced by Claimants.
5. This Award is in full settlement and satisfaction of any and all claims properly submitted to this arbitration; and any claim not expressly granted herein is deemed DENIED.
6. This Award may be executed in any number of counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same document, which is the Final Award of the Arbitrators.

12/5/11　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　_/s/ John F. Byrne_
Date　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　John F. Byrne, Esq.

_____　　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
Date　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Steven A. Certilman, Esq.

_____　　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
Date　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Jack Friedman, Esq.



I, John F. Byrne, Esq., do hereby affirm upon my Oath as Arbitrator that I am one of the individuals described in and who executed this instrument, which is my Award.

_12/5/11_____                     _____
Date                                        John F. Byrne, Esq.

I, Steven A. Certilman, Esq., do hereby affirm upon my Oath as Arbitrator that I am one of the individuals described in and who executed this instrument, which is my Award.

_____                      _____
Date                                        Steven A. Certilman, Esq.

I, Jack Friedman, Esq., do hereby affirm upon my Oath as Arbitrator that I am one of the individuals described in and who executed this instrument, which is my Award.

_____                      _____
Date                                        Jack Friedman, Esq.

Case No. 13 117 01981 11
Leon *et al.* and Shmukler
AWARD

Page 2

Accordingly, as and for the AWARD herein:

1. It is hereby DECLARED that ABL Venture holds seventy-one and fifty-nine hundreds percent (71.59%) of the equity interest in, and is the majority member of, OS Research.

2. Respondent is hereby ENJOINED from conveying any interest in, disposing of, or using, any of OS Research's proprietary information or assets including, but not limited to, the website and its passwords, software products and applications, customer lists, contracted-for software developers and the like.

3. Respondent is hereby DIRECTED to return to Claimants, on behalf of OS Research, any and all proprietary assets and information belonging to OS Research, including, but not limited to, any and all software products and applications developed by Respondent on behalf of OS Research, access to and control of the website and server, customer lists, business contacts and the like.

4. The administrative fees of the American Arbitration Association totaling $4,850.00 and the compensation of the Arbitrators totaling $5,357.50 shall be borne by the parties equally. Therefore, Respondent shall pay to Claimants the sum of $5,103.75 representing that portion of said fees in excess of the apportioned amount previously advanced by Claimants.

5. This Award is in full settlement and satisfaction of any and all claims properly submitted to this arbitration; and any claim not expressly granted herein is deemed DENIED.

6. This Award may be executed in any number of counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same document, which is the Final Award of the Arbitrators.

_____  
Date

_____  
John F. Byrne, Esq.

12/5/11  
_____  
Date

_____  
Steven A. Certilman, Esq.

_____  
Date

_____  
Jack Friedman, Esq.



Case No. 13 117 01981 11  
Leon *et al.* and Shmukler  
Award

Page 3

    I, John F. Byrne, Esq., do hereby affirm upon my Oath as Arbitrator that I am one of the individuals described in and who executed this instrument, which is my Award.

_____  
Date

_____  
John F. Byrne, Esq.

    I, Steven A. Certilman, Esq., do hereby affirm upon my Oath as Arbitrator that I am one of the individuals described in and who executed this instrument, which is my Award.

12/5/11  
Date

/s/ Steven A. Certilman  
Steven A. Certilman, Esq.

    I, Jack Friedman, Esq., do hereby affirm upon my Oath as Arbitrator that I am one of the individuals described in and who executed this instrument, which is my Award.

_____  
Date

_____  
Jack Friedman, Esq.

P5

Case No. 13 117 01981 11
Leon *et al.* and Shmukler
AWARD

Page 2

Accordingly, as and for the AWARD herein:

1. It is hereby DECLARED that ABL Venture holds seventy-one and fifty-nine hundreds percent (71.59%) of the equity interest in, and is the majority member of, OS Research.

2. Respondent is hereby ENJOINED from conveying any interest in, disposing of, or using, any of OS Research's proprietary information or assets including, but not limited to, the website and its passwords, software products and applications, customer lists, contracted-for software developers and the like.

3. Respondent is hereby DIRECTED to return to Claimants, on behalf of OS Research, any and all proprietary assets and information belonging to OS Research, including, but not limited to, any and all software products and applications developed by Respondent on behalf of OS Research, access to and control of the website and server, customer lists, business contacts and the like.

4. The administrative fees of the American Arbitration Association totaling $4,850.00 and the compensation of the Arbitrators totaling $5,357.50 shall be borne by the parties equally. Therefore, Respondent shall pay to Claimants the sum of $5,103.75 representing that portion of said fees in excess of the apportioned amount previously advanced by Claimants.

5. This Award is in full settlement and satisfaction of any and all claims properly submitted to this arbitration; and any claim not expressly granted herein is deemed DENIED.

6. This Award may be executed in any number of counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same document, which is the Final Award of the Arbitrators.

_____
Date

_____
John F. Byrne, Esq.

_____
Date

_____
Steven A. Certilman, Esq.

December 5, 2011
Date

_____
Jack Friedman, Esq.



EXHIBIT A

Case No. 13 117 01981 11  
Leon *et al.* and Shmukler  
Award

Page 3

I, John F. Byrne, Esq., do hereby affirm upon my Oath as Arbitrator that I am one of the individuals described in and who executed this instrument, which is my Award.

_____  
Date

_____  
John F. Byrne, Esq.

I, Steven A. Certilman, Esq., do hereby affirm upon my Oath as Arbitrator that I am one of the individuals described in and who executed this instrument, which is my Award.

_____  
Date

_____  
Steven A. Certilman, Esq.

I, Jack Friedman, Esq., do hereby affirm upon my Oath as Arbitrator that I am one of the individuals described in and who executed this instrument, which is my Award.

December 5, 2011  
Date

*/s/ Jack Friedman*  
Jack Friedman, Esq.

(P7)

RECEIVED TIME  DEC. 5.  1:25PM